**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **THALIA VOUCHIDES** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **HOUSTON COMMUNITY COLLEGE** | § | |
| **SYSTEM; COLLEEN ADAMS INDIVIDUALLY** | § | |
| **and IN HER OFFICIAL CAPACITY AS POLICE** | § | |
| **OFFICER FOR HOUSTON COMMUNITY** | § | |
| **COLLEGE SYSTEM** | § | |
| | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

COMES NOW THALIA VOUCHIDES, Plaintiff, complaining of HOUSTON COMMUNITY COLLEGE SYSTEM and COLLEEN ADAMS, INDIVIDUALLY and IN HER OFFICIAL CAPACITY AS POLICE OFFICER FOR HOUSTON COMMUNITY COLLEGE SYSTEM, and would respectfully show as follows:

### I.
### PARTIES

1.      Plaintiff, Thalia Vouchides, is of Indian decent and is a resident of Katy, Harris County, Texas.

2.      Defendant, Houston Community College System, is a community college, which may be served with process by serving its registered agent, Gloria Walker, 3100 Main Street, Houston, Texas 77002.

3.      Defendant, Colleen Adams, is a police officer with Houston Community College System and is a resident and citizen of the United State of America, who maybe served with process by

1

serving her at 1103 Cascade Creed Drive, Katy, Texas 77450-3108 and/or 2310 Hagy Creek Drive, Houston, Texas 77084-5237.

## II.
## JURISDICTION & VENUE

4.      The Complaint presents federal questions pursuant to the United States Constitution, including provisions of the First, Fourth, Sixth and Fourteenth Amendments of the United States Constitution which are asserted pursuant to 42 U.S.C. §1983.

5.      In addition, the Complaint presents federal questions pursuant to Title VI of the Civil Rights Act of 1964, including 42 U.S.C. §§2000d – 2000d-7 pertaining to federally assisted programs.

6.      Moreover, the Complaint presents federal questions pursuant to 42 U.S.C. §1981.

7.      The damages claimed are within the jurisdictional requirements of this Court.

8.      All conditions precedent to bring this actions have occurred and/or been performed.

9.      Venue is proper in the Houston Division of the Southern District of Texas since Plaintiff's claims, including asserted federal claims, accrued in Harris County, Texas and/or one or more of the Defendants resides in Harris County, Texas and/or is principally located in Harris County, Texas.

## III.
## FACTS

10.     On or about February 9, 2010, Thalia Vouchides, an enrolled student at the Houston Community College System's Katy Campus, was unlawfully assaulted, detained, interrogated and searched by Colleen Adams, a police officer under the employ, direction, control and/or supervision of the Houston Community College System.

11.     While enrolled, Thalia Vouchides received federal student aid.

2

12.     Officer Colleen Adams approached Thalia Vouchides.     Officer Colleen Adams unlawfully stopped and detained Ms. Vouchides.

13.     Officer Colleen Adams told Ms. Vouchides she had a complaint about Ms. Vouchides.

14.     Officer Colleen Adams demanded that Thalia Vouchides present her driver's license and asked if she was documented, then Officer Colleen Adams requested Ms. Vouchides to present a green card.

15.     Officer Colleen Adams waived a piece of paper, claiming it was a complaint from someone saying Ms. Vouchides made a terroristic threat.

16.     Officer Collen Adams did not actually have a complaint against Ms. Vouchides from someone claiming Ms. Vouchides made a terroristic threat.

17.     Thalia Vouchides had not made a terroristic threat.     Officer Colleen Adams instructed Ms. Vouchides to go with her to the security office.

18.     Janis Thompson, a classmate of Ms. Vouchides, came to the security office.

19.     Thalia Vouchides asked why this was occurring.

20.     Officer Adams told Ms. Vouchides that she received a report that Ms. Vouchides was heard discussing murders.

21.     Officer Colleen Adams pinned Ms. Vouchides' arms behind her back.

22.     Officer Colleen Adams slammed Ms. Vouchides against an office wall.

23.     Officer Colleen Adams searched Ms. Vouchides' body.

24.     Officer Colleen Adams demanded to see Ms. Vouchides' purse, dumped its contents onto a table and searched the contents.

25.     Thalia Vouchides asked Officer Colleen Adams why she was being singled out.

26.     Officer Colleen Adams told Ms. Vouchides, "Because you look like a terrorist."

3

27.     Officer Colleen Adams demanded that Ms. Vouchides tell her why she spoke with an accent.

28.     After receiving Thalia Vouchides' Green Card, Officer Colleen Adams left Ms. Vouchides and her classmate, Janis Thompson, locked inside a small office.

29.     Thalia Vouchides and Janis Thompson remained locked in the room against their will for approximately one (1) hour.

30.     Officer Colleen Adams then released Ms. Vouchides and Ms. Thompson.

31.     After Thalia Vouchides e-mailed a written complaint to a member of the Houston Community College System police department, as well as Houston Community College System counselors and faculty members, she was subjected to harassment and retaliation.

32.     Officer Colleen Adams followed Thalia Vouchides at the Houston Community College System Katy Campus during school operation hours.

33.     Officer Colleen Adams forcibly bumped into Thalia Vouchides at the Houston Community College System Katy Campus during school operation hours.

34.     Officer Colleen Adams forcibly brushed by Thalia Vouchides at the Houston Community College System Katy Campus during school operation hours.

35.     Officer Colleen Adams repeatedly used her uniformed presence to visually intimidate and harass Thalia Vouchides at the Houston Community College System Katy Campus during school operation hours.

36.     Thalia Vouchides e-mailed complaints to Houston Community College System personnel.

37.     Houston Community College System did nothing to prevent the intimidation and harassment to which Ms. Vouchides was being subjected.

4

38.     On or about March 25, 2010, Houston Community College System Cosmetology instructors used an overhead classroom projector to play for students a television news clip of Ms. Vouchides being interviewed about her complaints.

39.     While on her way to class, Thalia Vouchides was approached by students who made derogatory comments such as "get back on the boat" and "we don't want you here."

40.     Houston Community College System failed to prevent the abusive behavior.

41.     Houston Community College System encouraged and aided the harassment, subjecting Ms. Vouchides to dehumanizing misconduct resulting from false accusations and its own failure to properly and promptly take adequate remedial action.

42.     As a result, Thalia Vouchides suffered injuries and damages.

## IV.
## THALIA VOUCHIDES DID NOTHING WRONG

43.     Your Plaintiff would next show that nothing she did or failed to do in any way contributed to the incidents made the basis of this lawsuit. Consequently, there is no fault which may be assigned to your Plaintiff.

## V.
## VICARIOUS LIABILITY

44.     Plaintiff was subjected to the harassing, discriminatory, retaliatory and unlawful practices of Houston Community College System during her enrollment and matriculation as a student at the Houston Community College System. Consequently, Plaintiff asserts *respondeat superior*, agency, vicarious liability and/or ratification, stating that whenever in this complaint it is alleged HOUSTON COMMUNITY COLLEGE SYSTEM did any act or thing it is meant that HOUSTON COMMUNITY COLLEGE SYSTEM'S agents, supervisors, employees, servants, management, officers, vice principals and representatives did such act and/or at the time said act

5

was done, the act was done with the full authorization or acquiescence of HOUSTON COMMUNITY COLLEGE SYSTEM or was done in the normal and routine course and scope of employment of HOUSTON COMMUNITY COLLEGE SYSTEM.

### VI.
### TITLE VI DISCRIMINATION

45. Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 10 through 44 and incorporates same as though fully copied and set for the at length herein.

46. Plaintiff would show that Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, *et seq.*, §601 of the Civil Rights Act of 1964, as amended, prohibits discrimination based on race, color, or national origin in federally assisted programs.

47. HOUSTON COMMUNITY COLLEGE SYSTEM accepts grants of federal financial assistance and is subject to the restrictions of Title VI.

**A.     Title VI National Origin Discrimination**

48. Defendants intentionally engaged in unlawful practices involving Plaintiff because of her national origin.

49. Defendants intentionally discriminated against Plaintiff, in connection with her education by depriving and/or excluding her of the benefits of and participation in activities available to other students, because of her national origin.

50. Defendants intentionally discriminated against Plaintiff by subjecting her to discrimination based on her national origin.

51. Defendants unlawful discrimination based on Plaintiff's national origin occurred under program(s) or activity(ies) receiving federal assistance.

6

52.    Defendant's unlawful discrimination based on Plaintiff's national origin was carried out with malice or with reckless indifference to the federally protected rights of Plaintiff.

53.    As a consequence of Defendants unlawful conduct, your Plaintiff suffered injuries and damages.

**B.    Title VI Color Discrimination**

54.    Defendants intentionally engaged in unlawful practices involving Plaintiff because of her color.

55.    Defendants intentionally discriminated against Plaintiff in connection with her education by depriving and/or excluding her of the benefits of and participation in activities available to other students, because of her color.

56.    Defendants intentionally discriminated against Plaintiff by subjecting her to discrimination based on her color.

57.    Defendants unlawful discrimination based on Plaintiff's color occurred under program(s) or activity(ies) receiving federal assistance.

58.    Defendants unlawful discrimination based on Plaintiff's color was carried out with malice or with reckless indifference to the federally protected rights of Plaintiff.

59.    As a consequence of Defendants' unlawful conduct, your Plaintiff suffered injuries and damages.

**VII.**
**TITLE VI RETALIATION**

60.    Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 10 through 59 and incorporates same as though fully copied and set forth at length herein.

7

61.     Defendants intentionally retaliated against Plaintiff for exercising her federally protected rights under Title VI.

62.     Defendants retaliated against Plaintiff and subjected her to further discriminatory and harassing conduct as a result of her complaining about and opposing the unlawful conduct of Defendants.

63.     Retaliating against a person complaining about or opposing discriminatory practices prohibited by Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§2000d, *et seq.*, and §601, as amended, is a violation of federal law.

64.     After complaining to Defendants of maltreatment and unlawful discriminatory practices, Plaintiff was subjected to unlawful retaliation, including disparate treatment, assault, verbal abuse, denial of benefits, and/or interference with her education, as well as false accusations, because of her lawful complaints.

65.     Defendants' unlawful retaliation was carried out with malice or with reckless indifference to the federally protected rights of Plaintiff.

66.     As a consequence of Defendants' retaliatory conduct, your Plaintiff suffered injuries and damages.

## VIII.
## 42 U.S.C § 1981 DISCRIMINATION

67.     Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 10 through 66 and incorporates same as though fully copied and set forth at length herein.

68.     Plaintiff would show that Defendants denied Plaintiff the enjoyment of all benefits, privileges, terms and conditions of a contractual relationship as is enjoyed by white citizens of the United States in violation of 42 U.S.C. § 1981.

8

69.     Plaintiff was unreasonably detained, interrogated, searched, and/or investigated for unreasonable amounts of time and/or without a probable cause by Defendants.

70.     White students and/or enrollees were not treated the same as Plaintiff.

71.     As a consequence of Defendants' unlawful conduct, your Plaintiff suffered injuries and damages.

## IX.
## 42 U.S.C. § 1983 VIOLATIONS

72.     Plaintiff repeats and re-alleges by reference each and every allegation contained in paragraphs 10 through 71 and incorporates same as though fully copied and set forth at length herein.

73.     Plaintiff would next show that 42 U.S.C. § 1983 provides remedies and redress to citizens deprived of any rights, privileges or immunities secured by the United States Constitution.

74.     Defendants violated rights, privileges or immunities secured by the United States Constitution.

75.     Your Plaintiff therefore seeks remedies and redress against Defendants for deprivation of rights secured by the United State Constitution.

76.     A system, practice, procedure and/or policy of HOUSTON COMMUNITY COLLEGE SYSTEM caused and/or contributed to the injuries and damages complained of herein by Plaintiff.

77.     Personnel, including Officer Colleen Adams, were taught and/or allowed to believe that their acts and/or omissions were acceptable even though the acts and/or omissions violated due process, free speech and constitutional standards.

78.     Conduct which, when viewed objectively, would be seen as unreasonable was permitted, ratified and/or allowed by policy makers at HOUSTON COMMUNITY COLLEGE SYSTEM.

79. COLLEEN ADAMS a police officer employed by HOUSTON COMMUNITY COLLEGE SYSTEM, was involved in the incidents made the basis of this lawsuit.

80. COLLEEN ADAMS, while acting under the color of state law, as authorized, permitted, allowed and/or ratified by HOUSTON COMMUNITY COLLEGE SYSTEM, deprived your Plaintiff of constitutional rights secured by the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

81. In this regard, HOUSTON COMMUNITY COLLEGE SYSTEM, including, more specifically, its employee(s), servant(s) and agent(s), wrongly stopped, interrogated, searched and assaulted your Plaintiff, under color of state law, and deprived your Plaintiff of rights protected by the United States Constitution.

82. Further in this regard, HOUSTON COMMUNITY COLLEGE SYSTEM, including, more specifically, its employee(s), servant(s) and agent(s), falsely accused, imprisoned and harassed your Plaintiff, under color of state law, and deprived your Plaintiff of rights protected by the United States Constitution.

83. Policy, procedure, practice, custom, habit, training, supervision and disciplinary irregularities and/or failures of HOUSTON COMMUNITY COLLEGE SYSTEM with respect to its employees, servants and agents, including, but not limited to, COLLEEN ADAMS, were of such a persistent and continuously rooted nature that they were in fact the operative policies of HOUSTON COMMUNITY COLLEGE SYSTEM.

84. Defendants' misconduct and constitutional violations were a motivating force behind the incidents in question.

85. Defendants' misconduct was undertaken with malice or reckless in difference to the federally protected rights of Plaintiff.

86. As a consequence of Defendants' misconduct, your Plaintiff suffered injuries and damages.

## X.
## PRAYER

87. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to:

    A.     Declare that the practices described in this complaint exist at HOUSTON COMMUNITY COLLEGE SYSTEM and that they are unlawful;

    B.     Issue a permanent injunction prohibiting the Defendant, its officers, agents, employees and successors, from engaging in the discriminatory employment practices complained of herein;

    C.     Issue a permanent mandatory injunction requiring that Defendant adopt employment practices in conformity with the requirements of Title VII of the Civil Rights Act of 1964 and/or Title VI;

    D.     Award compensatory damages, as well as damages for past and future mental anguish, suffering, anxiety, stress, humiliation, ability to enjoy life and medical care and treatment appropriate to the proof at trial;

    E.     Award punitive damages appropriate to the proof at trial;

    F.     Award costs of court and out of pocket expenses;

    G.     Award expert witness fees and costs;

    H.     Award reasonable attorney fees, including conditional awards in the event of appeal;

    I.     Award pre-judgment and post-judgment interest paid at the highest rate permitted by law; and/or,

    J.     Award such other and further relief at law or in equity, general or special, to which the Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**WASHINGTON AND ERNSTER, PLLC**

By: /S/ Mickey L. Washington
Mickey L. Washington
mw@civiljusticecenter.com
State Bar No. 24039233
Federal Bar No. 35786
Cletus P. Ernster III
ce@civiljusticecenter.com
State Bar No. 00793698
Federal Bar No. 17822
1314 Texas Avenue, Suite 1416
Houston, Texas 77002
(713) 821-9433 Telephone
(713) 821-9432 Facsimile

/S/ Maja Scott
Maja Scott
State Bar No. 24044854
mscottlaw@yahoo.com
1795 N. Fry Road, Ste. 313
Katy, Texas 77449
(713) 320-5345 Telephone
(832) 327-7502 Facsimile

**ATTORNEYS FOR PLAINTIFF**

12